RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/3/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY JAMES MORRIS** | : | **DOCKET NO. 2:13-2920** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **PRECISION DOCUMENT SOLUTIONS, INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is "Plaintiff Gary James Morris's Motion for Summary Judgment" (R. #35) wherein, the mover seeks to have this court grant summary judgment in his favor. For the following reasons, the motion will be denied.

## FACTUAL STATEMENT

In his summation of facts, *pro se* plaintiff, Mr. Morris, details a series of events that took place from July 15, 2010 until his termination on September 17, 2012. While the facts of the case are less than clear, plaintiff seems to allege that he was required to take medical leave for a non-work related injury or illness which required two surgeries– the first surgery to his right foot and the second surgery to his left foot. While out on leave for the first surgery, plaintiff and his employer, Precision Document Solutions, Inc. came up with a "Plan" that would allow him to either work with or assist a co-worker[1] at Christus St. Patrick Hospital and get paid for doing so. On August 3, 2010, plaintiff's supervisor stepped down and was replaced by Dario Garcia. Plaintiff alleges that Garcia failed to adhere to the Plan by stopping plaintiff's pay.

---

[1] The co-worker would perform laborious activities such as walking, lifting, carrying, etc.

On October 6, 2010, plaintiff was conditionally released from his doctor; plaintiff returned to work part time on October 7, 2010. Plaintiff worked alongside two technicians, Scott Rodriguez and Kenneth Hardee.

Plaintiff's second surgery was delayed for six months or until May 2011. Plaintiff was conditionally released on June 2, 2011; he returned to work part-time with limitations. Plaintiff complains that when his doctor released him to work up to 30 hours per week, Garcia "withdrew all assistance."[2] Plaintiff complains that on or about September 5, 2011, he was threatened with disciplinary action or termination for working unauthorized overtime.

On December 8, 2011 around 8:30 a.m., plaintiff had a work place accident but returned to work that same day around 11:00 a.m. with a walking boot. Plaintiff alleges that on January 19, 2012, he was threatened with termination from Garcia for including "HR Rep. Laura Cole in our Emails."[3] From December 2011 until February 3, 2011, plaintiff made Garcia aware of physical issues he was having from the work place accident.

On February 6, 2012, plaintiff's ankle was placed in a cast requiring him to use a knee-walker, but still allowing him to perform sedentary work duties.[4] Plaintiff performed said work duties for one week. On February 13, 2013 Garcia informed plaintiff that he could not continue working unless his doctor released him. Plaintiff complains that on March 14, 2012, Jim Dickson told him that Garcia "made the statement that my name was EXCREMENT..." and that Garcia "was on his way to fire me when he (Jim Dickson) advised him of the liability of letting me go while

---

[2] R. #35-3, p.. 16, ¶ 8.

[3] Id., p. 17, ¶ 11.

[4] Id., p. 18, ¶ 16.

2

under a Doctor's care."[5]

Plaintiff complains that on May 21, 2012, Garcia cut his time by 15 minutes; Ms. Cole claimed it was a mistake.[6] On August 27, 2012, Plaintiff informed Ms. Cole and Garcia that within the next six weeks, he might need to have rotator cuff surgery to his shoulders.[7] On September 17, 2012 plaintiff was terminated retroactive to August 30, 2012.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[8] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[9] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[10] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[11] Once the movant makes this showing, the burden shifts to the non-moving

---

[5] Id., p. 19, ¶¶ 20-21.

[6] Id., ¶ 23.

[7] Id., p. 20, ¶ 27.

[8] Fed. R.Civ. P. 56(c).

[9] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[10] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[11] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

party to set forth specific facts showing that there is a genuine issue for trial.[12] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[13] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[14] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[15]

## LAW AND ANALYSIS

First, the court notes that plaintiff's motion is not supported by competent summary judgment evidence. Rule 56(c) of the Federal Rules of Civil Procedure provides as follows:

> **(1) *Supporting Factual Position.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of material in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) *Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or

---

[12] Anderson, 477 U.S. at 249.

[13] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[14] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[15] Anderson, 477 U.S. at 249-50.

dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3) *Materials Not Cited*.** The court need consider only the cited materials, but it may consider other materials in the record.

As noted by defendants, plaintiff has failed to submit summary judgment evidence in proper form. Furthermore, plaintiff has failed to make any legal arguments and/or inform the court as to the relief he is requesting and/or that he is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of March, ~~February~~, 2014.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

5